John E. Hansen, #4590
SCALLEY READING BATES
HANSEN & RASMUSSEN, P.C.
15 W. South Temple, Suite 600
Salt Lake City, Utah 84101
Telephone: (801) 531-7870
Facsimile: (801) 326-4669
E-mail: hansen@scalleyreading.net

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FINGER LICKIN' BRANDS, LLC dba DICKEY'S BARBECUE PIT OF UTAH,<br><br>Plaintiffs,<br><br>v.<br><br>US FOODS, INC, a Delaware corporation, and ECOLAB, INC., a Delaware corporation, and and JOHN DOES 1-3,<br><br>Defendants. | COMPLAINT AND JURY DEMAND<br><br>Case No. _____<br>Judge: _____ |

Plaintiff, Finger Lickin Brands, LLC dba Dickey's Barbecue Pit of Utah, by and through its above-named counsel of record, hereby contends, complains and alleges against the above-named defendants as follows:

PARTIES

1.  Plaintiff Finger Lickin' Brands, LLC dba Dickey's Barbecue Pit of Utah (hereinafter referred to as "FLB" or "Plaintiff") is a Utah limited liability company, organized and operating business in the State of Utah.

2. At all times relevant herein, Defendant US Foods, Inc. (hereinafter "US Foods") was a Delaware corporation with its principal place of business in Illinois, authorized to and doing business in the State of Utah.

3. At all times relevant herein, Defendant Ecolab, Inc. (hereinafter "Ecolab") was a Delaware corporation with its principal place of business in Minnesota, authorized to and doing business in the State of Utah. US Foods and Ecolab are collectively referred to herein as "Defendants."

4. Defendants John Does 1 through 3, are business entities or individuals, currently unidentified, who were doing business in the State of Utah or residing in the State of Utah, and may have liability for causing the events as alleged in this complaint.

JURISDICTION AND VENUE

5. Original Jurisdiction is proper in this Court based upon the provisions of 28 U.S.C. §1332, particularly because the amount of damages in controversy exceeds $75,000.00, exclusive of costs and interest, and due to the complete diversity between the parties.

6. The incident bringing rise to this action occurred in Salt Lake County, State of Utah.

7. Venue is proper before this Court pursuant to U.S.C. §1391(b), *et seq*.

FACTUAL BACKGROUND

8. FLB is a chain restaurant/eatery operating under a franchise agreement with Dickey's Barbecue Restaurants, Inc. (not a party to this action).

9. Pursuant to the franchise agreement, FLB was required to purchase food and non-food products exclusively from US Foods.

10. US Foods is a leading food service distributor in the United States providing food and related products to companies across the United States. US Food was the distributor and seller of Clean Force Fryer Cleaner (hereinafter "the Clean Force product").

11. The Clean Force product is manufactured by Defendant Ecolab.

12. Ecolab holds itself out as an expert in safety, sharing best-practices that make the world cleaner, safer and healthier.

13. The Clean Force product is a white, fragrance free, granular powder, hazardous chemical cleaning product which Ecolab packaged, and US Foods distributed, in large, unmarked, plastic bags, placed in cardboard boxes.

14. Pursuant to Dickey's franchise agreement, FLB purchased the Clean Force produce from US Foods.

15. The Clean Force product was delivered to FLB packaged in bulk product packages as described above, rather than in individual use packets as used by other manufacturers.

16. Sometime after the Clean Force product was delivered to FLB, the unmarked plastic bag containing the Clean Force product became separated from the exterior card board box.

17. Subsequently, the Clean Force product in the plastic bag was poured into a different container.

18. On or about August 10, 2014, a FLB employee mistakenly thought the Clean Force product in the new container was sugar and the employee mixed some of the Clean Force product into a sweet tea drink dispenser available to customers.

19. Shortly after the sweet tea had been prepared on or about August 10, 2014, a customer took a drink of the sweet tea and immediately began choking as her mouth and esophagus burned. The customer was taken to a nearby hospital and then air lifted to the University of Utah Hospital's burn unit, where the customer was admitted for extended medical treatment of her serious personal injuries.

20. The Clean Force product delivered to FLB did not contain appropriate or adequate packaging, and lacked proper safety warnings regarding the nature and use of the product.

21. Reports of the customer's serious personal injuries and medical treatments from drinking the sweet tea received widespread news coverage through television, print and Internet, which then spread further via social media including, but not limited to, Facebook and Twitter.

22. The injured customer subsequently made a claim for her personal injuries against FLB and they eventually reached a settlement.

23. FLB's reputation was severely damaged by this incident involving injury to its customer and it has suffered compensatory damages, including substantial special damages.

### FIRST CAUSE OF ACTION
(Negligence)

24. Plaintiff realleges and incorporates the paragraphs above as though restated and fully set forth herein.

25. Defendants US Foods and Ecolab had a duty to Plaintiff, and all of its customers, to design, manufacture, package, distribute and/or sell products that were safe, and to provide appropriate warnings regarding its products, especially when those products are being sold in the food service industry.

26. Defendants breached their duty to Plaintiff, and were negligent for, among other things:

  a. Failing to design, manufacture, package and distribute the Clean Force product in a manner that would distinguish its appearance from other non hazardous products such as sugar;

  b. Failing to design, manufacture, package and distribute the Clean Force product in a manner that would distinguish its smell from food products such as sugar;

  c. Failing to package the Clean Force product in individual use packets, with labels clearly identifying the product as a potentially dangerous cleaner;

  d. Failing to have adequate labeling and warnings on the packages of the Clean Force product containers sufficient to identify and warn of potential dangers of the product;

  e. Failing to recognize or foresee the likelihood of injuries occurring in the food service industry due to improper manufacturing, design, packaging and warning;

  f. Otherwise failing to use ordinary and due care in manufacturing, designing, packaging and selling/distributing the Clean Force product to the food service industry.

27. As a direct, foreseeable and proximate result of the Defendants' negligence, Plaintiff suffered damages to its personal property, as well as substantial economic losses.

28.     As a further direct, foreseeable and proximate result of the Defendants' negligence, Plaintiff suffered damage to its business reputation resulting in past and future economic losses (special damages) including, but not limited to, loss of profits, business opportunities and loss of operating revenues, in amounts to be proven at trial.

29.     By reason of the foregoing, Defendants are liable to Plaintiff for said damages.

## SECOND CAUSE OF ACTION
### (Strict Liability)

30.     Plaintiff realleges and incorporates paragraphs 1 through 29 above as though restated and fully set forth herein.

31.     At all time mentioned herein, the Clean Force product was defective as to its manufacture, design, packaging and warnings, causing the Clean Force product to be in a dangerous and defective condition that made it unsafe for its intended use in the food service industry.

32.     Defendants manufactured, designed, packaged and distributed/sold the Clean Force product, putting it into the stream of commerce.

33.     At the time the Clean Force product was put into the stream of commerce, it was defective in its manufacture, design, packaging and warnings, in such a manner as to render it unreasonably dangerous to the ultimate user thereof.

34.     Defendants are strictly liable for any injuries and damages caused by the unreasonably dangerous condition of the Clean Force product.

35.     As a direct, foreseeable and proximate result of the defendant condition of the Clean Force product, Plaintiff suffered damages to its personal property, as well as substantial economic

losses, including, but not limited to, diminished value of the FLB restaurant, loss of profits, business opportunities and loss of operating revenues, in amounts to be proven at trial.

36. By reason of the foregoing, Defendants are strictly liable to Plaintiff for said damages.

WHEREFORE, Plaintiff pray for judgment against Defendants as follows:

1. For compensatory damages in an amount to be proven at trial, but not less than Five Million Dollars ($5,000,000);

2. For interest as allowed by law.

3. For Plaintiff's reasonable attorneys fees incurred.

4. For Plaintiff's costs and expenses of litigation, as allowable by law.

5. For post-judgment interest as provided by law until the judgment is paid in full.

6. For such other and further relief that the Court deems just, reasonable and proper.

## JURY DEMAND

Pursuant to Rule 38 of the FEDERAL RULES OF CIVIL PROCEDURE, Plaintiff hereby demands a trial by jury.

DATED this 30th day of June, 2016.

SCALLEY READING BATES
HANSEN & RASMUSSEN, P.C.


 /s/ John E. Hansen
John E. Hansen
*Attorneys for Plaintiff*