Amy F. Sorenson (8947)
Paul W. Shakespear (14113)
SNELL & WILMER L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, Utah  84101
Telephone:   801.257.1900
Facsimile:   801.257.1800
Email: asorenson@swlaw.com
         pshakespear@swlaw.com

Kathleen A. Stimeling, *pro hac vice* pending
Sarah D. Youngblood, *pro hac vice* pending
RILEY SAFER HOLMES & CANCILA LLP
111 New Montgomery Street, Suite 600
San Francisco, CA 94105
Telephone:   415.275.8550
Facsimile:   415.275.8551
Email: kstimeling@rshc-law.com
         syoungblood@rshc-law.com

*Attorneys for US Foods, Inc.*

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FINGER LICKIN' BRANDS, LLC dba DICKEY'S BARBECUE PIT OF UTAH, <br><br> Plaintiffs, <br><br> v. <br><br> US FOODS, INC., a Delaware corporation, and ECOLAB, INC., a Delaware corporation, and JOHN DOES 1-3, <br><br> Defendants. | CASE NO. 2:16-cv-00745-BCW <br><br> **DEFENDANT US FOODS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND** <br><br> (Assigned to Chief Magistrate Judge Brooke C. Wells) |

24715138

Defendant US Foods, Inc. ("US Foods"), by and through its counsel of record, hereby answers Plaintiff Finger Lickin' Brands, LLC dba Dickey's Barbecue Pit of Utah's ("Plaintiff") Complaint on behalf of itself and on behalf of no other entity.  US Foods denies each allegation of Plaintiff's Complaint to the extent not specifically admitted herein.  For its responses to the particular allegations of Plaintiff's Complaint, US Foods states as follows:

## PARTIES

1.      US Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore denies those allegations on that basis.  To the extent Paragraph 1 states legal conclusions, no response is required.

2.      US Foods admits the allegations of Paragraph 2.

3.      US Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and therefore denies those allegations on that basis.  To the extent Paragraph 3 states legal conclusions, no response is required.

4.      US Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and therefore denies those allegations on that basis.  To the extent Paragraph 4 states legal conclusions, no response is required.

## JURISDICTION AND VENUE

5.      Paragraph 5 states legal argument and/or conclusions that do not require a response from US Foods.  To the extent a response is required, US Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and therefore denies those allegations on that basis.

24715138

6.      US Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and therefore denies those allegations on that basis.

7.      Paragraph 7 states legal argument and/or conclusions that do not require a response from US Foods.

## FACTUAL BACKGROUND

8.      US Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and therefore denies those allegations on that basis.

9.      Paragraph 9 states legal argument and/or conclusions that do not require a response from US Foods.

10.     US Foods admits that it distributes food and related products to customers nationwide.  US Foods further admits that it distributes and sells the Clean Force Fryer Clean (hereinafter "the Clean Force product").  The remaining allegations of paragraph 10 are too vague to permit US Foods to admit or deny them, and on that basis US Foods denies those allegations.

11.     US Foods admits the allegations of Paragraph 11.

12.     The allegations contained in paragraph 12 are too vague to permit US Foods to admit or deny them, and on that basis US Foods denies those allegations.

13.     US Foods admits that the Clean Force product is offered in bulk packaging, as well as single-use packaging.  US Foods further admits that the bulk packaging consists of an outer cardboard box with multiple labels and warnings.  US Foods further admits that the white,

3

granular powder in the bulk packaging is contained within a clear plastic bag within the labeled cardboard box.  US Foods admits that the Clean Force product is a chemical cleaning product that was manufactured by Ecolab and distributed by US Foods.  Except as so expressly admitted, US Foods denies the remaining allegations of paragraph 13.

14.     US Foods admits that Plaintiff has, on at least one occasion, purchased the Clean Force bulk product from US Foods.  Except as so expressly admitted, US Foods denies the remaining allegations of paragraph 14.

15.     US Foods admits that Plaintiff purchased the Clean Force bulk product, as opposed to single-use packages.  US Foods admits that the Clean Force bulk product was packaged as indicated in Paragraph 13.  Except as so expressly admitted, US Foods denies the remaining allegations of paragraph 15.

16.     US Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and therefore denies those allegations on that basis.

17.     US Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and therefore denies those allegations on that basis.

18.     US Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore denies those allegations on that basis.

4

24715138

19.     US Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and therefore denies those allegations on that basis.

20.     Paragraph 20 states legal argument and/or conclusions that do not require a response from US Foods.

21.     US Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 and therefore denies those allegations on that basis.

22.     US Foods is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and therefore denies those allegations on that basis.

23.     US Foods denies that Plaintiff suffered any injuries or damages as a result of any acts or omissions of US Foods.  The remaining allegations of paragraph 23 state legal conclusions to which US Foods is not required to respond.

## FIRST CAUSE OF ACTION
### (Negligence)

24.     US Foods re-alleges and incorporates by reference its responses to paragraphs 1-23 as though fully set forth herein.

25.     Paragraph 25 states legal argument and/or conclusions that do not require a response from US Foods.

26.     Paragraph 26 states legal argument and/or conclusions that do not require a response from US Foods.

24715138

2016-cv-00745-CW   Document 11   Filed 08/24/16   PageID.42   Page 6 of 11

27.     US Foods denies that Plaintiff suffered any injuries or damages as a result of any acts or omissions of US Foods.  The remaining allegations of paragraph 27 state legal conclusions to which US Foods is not required to respond.

28.     US Foods denies that Plaintiff suffered any injuries or damages as a result of any acts or omissions of US Foods.  The remaining allegations of paragraph 28 state legal conclusions to which US Foods is not required to respond.

29.     US Foods denies that Plaintiff suffered any injuries or damages as a result of any acts or omissions of US Foods.  The remaining allegations of paragraph 29 state legal conclusions to which US Foods is not required to respond.

**SECOND CAUSE OF ACTION**
**(Strict Liability)**

30.     US Foods re-alleges and incorporates by reference its responses to paragraphs 1-29 as though fully set forth herein.

31.     Paragraph 31 states legal argument and/or conclusions that do not require a response from US Foods.

32.     US Foods admits that it distributed and sold the Clean Force product.  Except as so expressly admitted, US Foods denies the remaining allegations of paragraph 32.

33.      Paragraph 33 states legal argument and/or conclusions that do not require a response from US Foods.

34.     US Foods denies that Plaintiff suffered any injuries or damages as a result of any acts or omissions of US Foods.  The remaining allegations of paragraph 34 state legal conclusions to which US Foods is not required to respond.

35.     US Foods denies that Plaintiff suffered any injuries or damages as a result of any acts or omissions of US Foods.  The remaining allegations of paragraph 35 state legal conclusions to which US Foods is not required to respond.

36.     US Foods denies that Plaintiff suffered any injuries or damages as a result of any acts or omissions of US Foods.  The remaining allegations of paragraph 36 state legal conclusions to which US Foods is not required to respond.

## PRAYER FOR JUDGMENT

US Foods denies that Plaintiff suffered any injuries or damages as a result of any acts or omissions of US Foods.  The remaining allegations of Plaintiff's Prayer for Judgment state legal conclusions to which US Foods is not required to respond.

## AFFIRMATIVE DEFENSES

As for its affirmative defenses, US Foods alleges the following additional reasons that Plaintiff is not entitled to recover anything.  US Foods reserves its right to amend its Answer to assert other defenses as they may become known.  By designating these affirmative defenses, US Foods does not waive or limit any defenses that are or may be raised by its denials, allegations, and averments set forth herein.  Further, by designating these affirmative defenses, US Foods does not allege or admit that it has the burden of proof with respect to any of these matters, and does not assume the burden of proof as to any matter for which Plaintiff bears such a burden.

1.     First Affirmative Defense:  The Complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against US Foods.

2.     Second Affirmative Defense:  Any recovery by Plaintiff should be barred or reduced by the negligence, fault, or carelessness of Plaintiff.

24715138

3.      <u>Third Affirmative Defense</u>:  Any loss, injury, or damage incurred by Plaintiff was proximately caused by the negligent or willful acts or omissions of parties whom US Foods neither controlled nor had the right to control, and was not proximately caused by any acts, omissions, or other conduct of US Foods.

4.      <u>Fourth Affirmative Defense</u>:  Plaintiff's Complaint, and each and every purported cause of action of said Complaint, is barred by virtue of intervening, superseding causes or circumstances.

5.      <u>Fifth Affirmative Defense</u>:  Plaintiff knowingly, voluntarily, and unreasonably undertook to encounter each of the risks and hazards, if any, referred to in the Complaint and each alleged cause of action, and this undertaking proximately caused and contributed to any loss, injury, or damages incurred by Plaintiff.

6.      <u>Sixth Affirmative Defense</u>:  Plaintiff's damages, if any, were proximately caused or contributed to by the unforeseeable misuse, misapplication, and/or alteration by Plaintiff and/or by others of the product at issue in this action.

7.      <u>Seventh Affirmative Defense</u>:  The product referred to in the Complaint was changed after US Foods placed the product into the stream of commerce, if US Foods caused it to be placed at all, which caused Plaintiff's injuries.

8.      <u>Eighth Affirmative Defense</u>:  The product at issue in this action was reasonably fit for the use for which it was intended.

9.      <u>Ninth Affirmative Defense</u>:  At the time US Foods placed the product in question into the stream of commerce, if at all, said product conformed to the state of the art applicable to such product at the time.

8

24715138

10.     <u>Tenth Affirmative Defense</u>:  At the time US Foods placed the product in question into the stream of commerce, if at all, said product complied with all applicable standards, statutes, and regulations existing at the time of manufacture that prescribed standards for design, inspection, testing, manufacture, labeling, packaging, warning, or instructions for the use of the product.

11.     <u>Eleventh Affirmative Defense</u>:  All actions by US Foods regarding the design, manufacture, marketing, and sale of the product in question were reasonable, prudent, and undertaken in good faith.

12.     <u>Twelfth Affirmative Defense</u>:  Plaintiff is barred from recovery under the Complaint, or is limited to a partial recovery thereupon, because Plaintiff failed to mitigate the damages, if any, that resulted from the acts and omissions alleged.

13.     <u>Thirteenth Affirmative Defense</u>:  Any recovery by Plaintiff may be barred or reduced by the applicable statute of limitations.

14.     <u>Fourteenth Affirmative Defense</u>:  US Foods provided adequate and complaint warnings to Plaintiff.  Therefore, any claims by Plaintiff for inadequate warnings are controlled by, and barred under, the learned intermediary doctrine.

15.     <u>Fifteenth Affirmative Defense</u>:  The packaging gave full, complete, and adequate warnings that complied with the applicable federal statutes and regulations.  As a matter of law, where US Foods complied with federal regulations, its conduct cannot give rise to state a cause of action for strict liability, negligence, or breach of warranties.

16.     <u>Sixteenth Affirmative Defense</u>:  Plaintiff is barred from recovery because of the misuse, alteration, abuse, modification, and/or neglect of the alleged product.

24715138

17.     <u>Seventeenth Affirmative Defense</u>:  Plaintiff is barred from recovery because Plaintiff was a knowledgeable or sophisticated user of the alleged product.

18.     <u>Eighteenth Affirmative Defense</u>:  Plaintiff is barred from recovery because there is no evidence that modified warnings or labels would have been followed and/or would have prevented injury.

19.     <u>Nineteenth Affirmative Defense</u>:  The alleged defect at issue was either known at the time of sale or should have been discovered by a reasonably prudent buyer.

20.     <u>Twentieth Affirmative Defense</u>:  The alleged defect did not exist at or prior to the delivery of the product to Plaintiff.

21.     <u>Twenty-First Affirmative Defense</u>:  US Foods did not manufacture the product at issue, nor was US Foods responsible for the design and contents of the labeling, packaging, and warnings that accompanied the product.

22.     <u>Twenty-Second Affirmative Defense</u>:  Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

23.     <u>Twenty-Third Affirmative Defense</u>:  Plaintiff's claims are barred, in whole or in part, by Utah Code 78B-5-820, which prohibits contribution and indemnity actions.

24.     <u>Twenty-Fourth Affirmative Defense</u>:  US Foods reserves the right to allege other affirmative defenses as they may arise during the course of discovery, to include those set forth in Fed. R. Civ. P. 8(c).

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, US Foods prays that judgment be entered against Plaintiff and in favor of US Foods as follows:

24715138

1.      That Plaintiff take nothing by way of its Complaint;

2.      That the Complaint and all purported causes of action therein be dismissed in its entirety, with prejudice;

3.      That judgment be entered in favor of US Foods and against Plaintiff;

4.      That the Court award US Foods its costs of suit incurred in defense of this action, including reasonable attorneys' fees, to the extent authorized by applicable law; and

5.      That the Court award US Foods such other and further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

US Foods hereby demands a trial by jury as to all issues so triable.

Dated this 24th day of August, 2016.

SNELL & WILMER L.L.P.

 /s/ Amy F. Sorenson
Amy F. Sorenson
Paul W. Shakespear

11

24715138