UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FINGER LICKIN' BRANDS, LLC d.b.a. DICKEY'S BARBECUE PIT OF UTAH, <br><br> Plaintiff, <br><br> vs. <br><br> US FOODS, INC., ECOLAB, INC., and JOHN DOES 1-3, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:16-cv-745 <br><br> Judge Clark Waddoups |

Plaintiff Finger Lickin' Brands, LLC filed this action on June 30, 2016. It asserts this court has jurisdiction based on diversity of citizenship. "Subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (quotations and citation omitted). Consequently, courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Id.* (citation omitted). "Congress has exercised its prerogative to restrict the subject-matter jurisdiction of federal district courts based on a wide variety of factors . . . ." *Id.* at 515 n.11. Diversity jurisdiction requirements are one such limitation. *Kuri v. Matrix Ctr.*, No. 16-3031, 2016 U.S. App. LEXIS 9294, at *2 (10th Cir. May 18, 2016).

"[F]or entities other than corporations," the court's "diversity jurisdiction in a suit by or against [an] entity depends on the citizenship of . . . each of its members." *Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1523 (10th Cir. 1991). Moreover, "where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 n.16 (3d Cir. 2015) (quotations and citation omitted); *see also D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011); *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010); *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003).

The Supreme Court also has stated "when a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirement of the diversity statute for *each* defendant or face dismissal." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) (emphasis in original). When a case originates in federal court (as opposed to being removed to federal court), the general rule is "the diverse citizenship of the fictitious defendants must be established by the plaintiff in order to continue a federal court action."[1] *Lee v. Airgas – Mid South, Inc.*, 793 F.3d 894 (8th Cir. 2015) (citing 13F Charles Alan Wright, et al., Federal Practice & Procedure, § 3642 (3d ed. 2009)). This court has followed the general rule and requires that a good-faith allegation be made as to the citizenship of Doe defendants. *See e.g.*, *Van de Grift v. Higgins*, 757 F. Supp. 2d 1139, 1141 (D. Utah 2010); *Pia v. Supernova Media, Inc.*, No. 2:09-cv-840, 2010 U.S. Dist. LEXIS 120050 (D. Utah Nov. 8, 2010).

Based on the foregoing, the court requests that Plaintiff plead the citizenship of each of

---

[1] If a case is removed to federal court, an exception exists for Doe defendants. *See* 28 U.S.C. § 1441(b)(1).

its members.  Additionally, Plaintiff must make a good-faith allegation about the citizenship of the Doe defendants.  To the extent the Doe defendants are legal entities other than a corporation, a good-faith allegation about the citizenship of each member of such entities must be alleged.  The requested information shall be filed on or before **September 30, 2016**.  If diversity jurisdiction is not established, this case will be dismissed.

      SO ORDERED this 8th day of September, 2016.

                                      BY THE COURT:

                                      _____
                                      Clark Waddoups
                                      United States District Judge