Dipendra Rana (14098)
WILES LAW GROUP, LLC
510 SW Fifth Avenue, 6th Floor
Portland, Oregon 97204
Telephone: (503) 226-3515
Facsimile: (503) 226-4050
E-mail: drana@wileslawgroup.com

*Attorney for Defendant Dickey's Barbecue Restaurants, Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FINGER LICKIN BRANDS, LLC,<br>　　　Plaintiff.<br><br>　　v.<br><br>US FOODS, INC. and ECOLAB, INC.,<br>　　　Defendant, Third-Party Plaintiff.<br><br>　　v.<br><br>DICKEY'S BARBECUE RESTAURANTS, INC.<br>　　　Third-Party Defendant | **THIRD-PARTY DEFENDANT DICKEY'S BARBECUE RESTAURANTS, INC.'S ANSWER TO THIRD-PARTY COMPLAINT**<br><br>Civil No. 2:165-cv-00745-CW-BCW<br><br>**Judge Clark Waddoups** |

Third-Party Defendant, Dickey's Barbecue Restaurants, Inc. ("DBR"), by and through its counsel of record, answers Third-Party Plaintiff US Foods, Inc.'s ("US Foods") Third-Party Complaint as follows.  DBR denies each and every allegation of the Third-Party Complaint to the extent not specifically admitted herein.

## **PARTIES**

1.　DBR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2.　DBR admits paragraph 2.

3. DBR denies paragraph 3.

## JURISDICTION AND VENUE

4. DBR admits paragraph 4.

5. DBR admits paragraph 5.

## UNDERLYING ACTION

6. As to paragraph 6, DBR admits that a suit has been filed against US Foods with regard to an incident that occurred on August 10, 2014.

7. As to paragraph 7, the allegations of the Amended Complaint speak for themselves.

8. DBR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. DBR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. DBR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. DBR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. As to paragraph 12, the allegations of the Amended Complaint speak for themselves.

13. DBR admits paragraph 13.

14. As to paragraph 14, DBR admits that the franchise agreement states that DBR will provide initial training only. DBR denies the remaining allegations of paragraph 14.

15. As to paragraph 15, the referenced website speaks for itself to the extent that US Foods is accurately depicting the information contained therein.

16. As to paragraph 16, the referenced website speaks for itself to the extent that US Foods is accurately depicting the information contained therein.

17. As to paragraph 17, DBR admits only that franchisees may be trained at Dickey's Barbecue University.  To the extent paragraph 17 imposes additional obligations outside of the agreement with franchisees, the allegations therein are denied.

18. DBR denies paragraph 18.

19. As to paragraph 19, DBR admits only that its agreement requires that franchisees follow the operations manual.   To the extent paragraph 19 imposes additional obligations outside of the agreement with franchisees, the allegations therein are denied.

20. As to paragraph 20, DBR admits only that the franchise agreement allows Dickey's access for inspections that it deems necessary.  DBR denies that the agreement requires Dickey's to inspect its franchisee locations on a regular basis as alleged in paragraph 20.

21. DBR denies paragraph 21.

22. DBR denies paragraph 22.

## FIRST CAUSE OF ACTION

### (Allocation of Fault)

23. As to paragraph 23, DBR incorporates its admissions and denials stated above.

24. Paragraph 24 states a legal conclusion to which no response is required.

25. DBR denies paragraph 25.

26. DBR denies paragraph 26.

27. DBR denies paragraph 27.

28. DBR denies paragraph 28.

29. DBR denies paragraph 29.

30. DBR denies paragraph 30.

31. DBR denies paragraph 31.

32. (sic) DBR denies this paragraph which has been erroneously numbered paragraph 31 instead of paragraph 32.

## AFFIRMATIVE DEFENSES

1. <u>First Affirmative Defense</u>: The Third-Party Complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against DBR.

2. <u>Second Affirmative Defense</u>: Any recovery by Third- Party Plaintiff should be barred or reduced by the negligence, fault, or carelessness of Third-Party Plaintiff.

3. <u>Third Affirmative Defense</u>: Any loss, injury, or damage incurred by Third-Party Plaintiff was proximately caused by the negligent or willful acts or omissions of parties which DBR neither controlled nor had the right to control.

4. <u>Fourth Affirmative Defense</u>: Third-Party Plaintiff's Third-Party Complaint, and each and every purported cause of action of said Third-Party Complaint, is barred by virtue of intervening, superseding causes or circumstances.

5. <u>Fifth Affirmative Defense</u>: Third-Party Plaintiff's damages, if any, were proximately caused or contributed to by the unforeseeable misuse, misapplication, mislabeling and/or alteration by Third-Party Plaintiff and/or by others of the product at issue in this action.

6. <u>Sixth Affirmative Defense</u>: Any recovery by Third-Party Plaintiff may be barred or reduced by the applicable statute of limitations, or statute of repose.

7. <u>Seventh Affirmative Defense</u>: Third-Party Plaintiff's claims are barred, in whole, or in part, by the economic loss doctrine.

8. <u>Eighth Affirmative Defense</u>: Third-Party Plaintiff's claims are barred, in whole or

in part, by Utah Code Ann.§ 78-B-5-820, which prohibits contribution and indemnity actions.

9. <u>Ninth Affirmative Defense:</u> As a further separate and affirmative defense, DBR alleges that it is entitled to have the jury apportion fault of all parties to this lawsuit pursuant to Utah Code Ann.§ 78B-5-819.

## **PRAYER FOR RELIEF**

WHEREFORE, Dickey's Barbecue Restaurants, Inc. prays that judgment be entered against Third-Party Plaintiff and in favor of Dickey's Barbecue Restaurants, Inc. as follows:

1. That Third-Party Plaintiff take nothing by way of its Third-Party Complaint;

2. That the Third-Party Complaint and all purported causes of action therein be dismissed in its entirety with prejudice;

3. That judgment be entered in favor of Dickey's Barbecue Restaurants, Inc. and against Third-Party Plaintiff;

4. That the court award Dickey's Barbecue Restaurants, Inc. its costs and fees to the extent authorized by applicable law; and

5. That the Court award Dickey's Barbecue Restaurants, Inc. such other and further relief as it deems just and proper.

DATED this 24th day of February, 2017.

**WILES LAW GROUP, LLC**

/s/ Dipendra Rana
Dipendra Rana, 14098
***Attorneys for Third-Party Defendant Dickey's Barbecue Restaurants, Inc.***

5

**CERTIFICATE OF SERVICE**

I, the undersigned, certify that on the 24th day of February, 2017, I caused a true and correct copy of the foregoing THIRD-PARTY DEFENDANT DICKEY'S BARBECUE RESTAURANTS, INC.'S ANSWER TO THIRD-PARTY COMPLAINT to be filed with the court electronically, which caused notice to be served upon all e-filing counsel of record via the Court's Notice of Electronic Filing [NEF].

/s/ Dipendra Rana
Dipendra Rana